UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOE LEDEZMA,
CDCR #H-84273,

                          Plaintiff,

        v.

RABBI HAJHAJ,

                          Defendant.

Case No.:  26-cv-02759-BTM-DDL

**ORDER DISMISSING CIVIL
ACTION WITHOUT
PREJUDICE**

Currently before the Court is a civil rights complaint filed pursuant to 28 U.S.C. § 1983 by Joe Ledezma, who is proceeding without counsel and is incarcerated at R.J. Donovan Correctional Facility ("RJD"). (ECF No. 1.)  Ledezma states he has been denied an appropriate religious diet in violation of his constitutional rights.  (*See id.*)

Because Ledezma has another case currently pending in this Court related to the same incidents, did not submit the $405 civil filing fee required to commence a new and separate civil action, and has not filed a motion to proceed *in forma pauperis* ("IFP") together with his complaint,[1] the Court assumes he did not wish to file and prosecute a

---

[1] The Court notes a prison trust account statement (ECF No. 2) was filed on Ledezma's behalf by RJD prison officials after this case was opened, but Ledezma himself has neither requested leave to proceed IFP nor submitted an affidavit in support.  *See* 28 U.S.C. § 1915(a)(1).

1

second and duplicate civil action, but instead intended to file an amended complaint in *Ledezma v. Ramirez*, No. 25-cv-1585-BTM-MMP (S.D. Cal. Mar. 17, 2026) ("*Ledezma I*"). Therefore, the Court dismisses this civil action without prejudice and directs the Clerk to file Ledezma's complaint (ECF No. 1) as his amended complaint in *Ledezma I*.

## I.    DISCUSSION

Where a plaintiff proceeds *pro se*, the court must construe the pleading liberally and hold it "to less stringent standards than formal pleadings drafted by lawyers" to "afford the petitioner the benefit of any doubt." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Indeed, "a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be considered frivolous. *See Cato v. United States*, 70 F.3d 1103, 1105 (9th Cir. 1995) (discussing 28 U.S.C. § 1915[e]).

A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). In *Ledezma I*, which was first filed on June 19, 2025, this Court granted Ledezma leave to proceed IFP, but dismissed his complaint *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (*See Ledezma I*, ECF No. 5.) Specifically, the Court found Ledezma failed to allege a plausible First Amendment claim against Defendants Ramirez and Palmer because these individuals were not alleged to have been the individuals who deprived Ledezma of religious meals. (*Id.* at 8.) He also failed to plead due process claims against Ramirez and Palmer based on the denial of his grievances. (*Id.* at 8–9.) Ledezma was granted leave to amend and address his pleading deficiencies in *Ledezma I* within 45 days. (*Id.* at 15.) On January 27, 2026, Ledezma filed a motion requesting an extension of time. (ECF No. 6.) The Court granted his request, giving him until March 13, 2026, to file his amended complaint. (ECF No. 7.) On March 10, Ledezma requested a second extension of time (ECF No. 8), which this Court granted, giving him until April 24, 2026, to file his amended complaint. (ECF No. 9, at 2.)

The complaint Ledezma submitted in this case was received via U.S. mail by the Clerk of Court on April 27, 2026,[2] but it was not entitled as an amended complaint and Ledezma failed to include Case No. 25-cv-1585-BTM-MMP in its caption. Therefore, the Clerk assigned it a new Civil Case No. 26-cv-2759-BTM-DDL. (*See* ECF No. 1.) Like his original complaint in *Ledezma I*, however, Ledezma alleges constitutional violations related to his July 20, 2024, request for a religious diet and the refusal of staff to provide him with appropriate meals despite his administrative grievance on the matter being granted on January 23, 2025. (*See id.* at 2–5.)

## II.   CONCLUSION

Accordingly, the Court **DISMISSES** Civil Case No. 26-cv-2759-BTM-DDL without prejudice and **DIRECTS** the Clerk of the Court to administratively close this case and to file the complaint submitted in this matter (ECF No. 1) as Ledezma's amended complaint in S.D. Cal. Case No. 25-cv-1585-BTM-MMP, *nunc pro tunc* to April 23, 2026, pursuant to the mail box rule. Once filed, the Court will screen the amended pleading in 25-cv-1585-BTM-MMP pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) in due course. Ledezma is cautioned that all future pleadings intended for consideration must include S.D. Cal. Case No. 25-cv-1585-BTM-MMP on the first page and clearly identify the nature of the document in its caption. No further documents will be accepted for filing in Case No. 26-cv-2759-BTM-DDL.

**IT IS SO ORDERED.**

Dated: May 5, 2026

_____
Honorable Barry Ted Moskowitz
United States District Judge

---

[2] Notations on the envelope in which the document was mailed indicate Ledezma turned it over to RJD staff for mailing on April 23, 2026, the day before his amended pleading in *Ledezma I* was due. (*See* ECF No. 1 at 11.) Under the "mailbox rule," a document is deemed to be "filed" when prisoner delivers it to prison authorities for forwarding to the district court. *See Houston v. Lack*, 487 U.S. 266, 270–72 (1988); *see also Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) ("*Houston* mailbox rule applies to § 1983 suits filed by pro se prisoners.").